**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 19-cv-0257-WJM-STV

UNITED STATES OF AMERICA,

    Plaintiff,

v.

22. REAL PROPERTY LOCATED AT 23965 EAST WAGONTRAIL AVENUE, AURORA, COLORADO,

    Defendant.

---

**ORDER ADOPTING SEPTEMBER 28, 2023 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the September 28, 2023 Report and Recommendation of United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 373) that the Court grant Plaintiff United States of America's ("Plaintiff" or "Government") Motions for Summary Judgment ("Motions") (ECF Nos. 335, 339).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Claimants Jia Bao Yao and Amy Chen (jointly, "Claimants") filed objections to the Recommendation ("Objections") (ECF No. 381), to which Plaintiff responded ("Response") (ECF No. 382).

For the reasons set forth below, Claimants' Objections are overruled, and the Recommendation is adopted in its entirety.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates by reference the Background contained in the Recommendation. (ECF No. 373 at 1–3.)

On January 30, 2019, the Government initiated an *in rem* civil forfeiture action against the subject property. (ECF Nos. 1, 2.) On July 25, 2021, Claimants filed their Notices of Claim through which they asserted an ownership interest in the Defendant Real Property Located at 23965 East Wagontrail Avenue, Aurora, Colorado ("Property"). (ECF Nos. 72, 74.) On October 26, 2021, Claimants filed Answers to the Complaint. (ECF Nos. 181, 182.) On May 15, 2023, the Government brought the Motions as to Claimant Yao's and Claimant Chen's Interest in the Property. (ECF Nos. 335, 339.) Claimants have responded to the Motions (ECF Nos. 350, 351) and the Government has replied (ECF Nos. 357, 359).

## II. THE RECOMMENDATION

In the Recommendation, Judge Varholak explains that the Government argues that it is entitled to summary judgment because Claimants do not dispute growing 828 marijuana plants in the basement of the Property, with the intent to make money, rendering the property subject to forfeiture under 21 U.S.C. § 881(a)(7). (ECF Nos. 335, 339.) Claimants argue that the Court should deny summary judgment because there is a material dispute of fact regarding whether the forfeiture of their home constitutes an "excessive fine" within the meaning of the Eighth Amendment. (ECF No. 350 at 5–9; 352 at 6–10.)

First, Judge Varholak addressed whether the Property was subject to forfeiture. (ECF No. 373 at 5–7.) He noted that "Claimants do not dispute that Claimant Yao was

cultivating over one hundred marijuana plants in the basement of the Property with the intent to distribute." (*Id.* at 7.)  Further, he concluded that "there is a substantial connection between the Property and the offense where there was extensive use of the Property for the purpose of cultivating the marijuana plants, including a grow operation which spanned separate rooms, involved light systems, fan systems, and the illegal diversion of electrical power to support the operation." (*Id.*)  Accordingly, he found that the Property is subject to forfeiture under the plain language of 21 U.S.C. §§ 841(b)(1)(B)(vii), 881(a)(7) and 18 U.S.C. § 983(c)(3).

Next, Judge Varholak addressed whether a material dispute of fact existed regarding whether forfeiture of the Property constitutes an "excessive" fine within the meaning of the Eighth Amendment.  (*Id.* at 7–14.)  He found that the Government satisfied its burden of showing that the relationship between the Property and the illegal conduct was more than fortuitous or incidental, relying on the fact that Claimant Yao intentionally grew marijuana in his basement with the intent of making money.  (*Id.* at 9.) Further, the grow operation spanned separate rooms for plants of different sizes and involved light systems, fan systems, and a calendar for tracking the marijuana plants. (*Id.*)  Additionally, Judge Varholak cited the fact that investigators discovered that electrical power at the Property was being illegally diverted.  (*Id.*)  Thus, he found these facts were sufficient to meet the threshold instrumentality test.  (*Id.*)

In the Recommendation, Judge Varholak addressed Claimants' argument that "forfeiture of the Property constitutes an 'excessive fine' because the value of the Property is grossly disproportionate as compared to the fine imposed pursuant to the U.S. Sentencing Guidelines." (*Id.* at 10.)  In concluding that Claimants were incorrect,

3

he analyzed the Guidelines, which state that "where a statute authorizes a maximum fine greater than $500,000, the court may impose a fine up to the maximum authorized by the statute." (*Id.* (quoting U.S.S.G. § 5E1.2(c)(4)).) He found that here, "that is the $5,000,000 that is authorized under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii)." (*Id.*) Thus, he found that "contrary to Claimants' assertion, the 'Guidelines range maximum is . . . $1,000,000.'"[1] (*Id.* (citing *United States v. Basurto*, 117 F. Supp. 3d 1266, 1311 n.22 (D.N.M. 2015)).) He then concluded that "based upon the maximum statutory and Guideline penalty, a fine of $489,205.09 - $492,284.095 (value of Property) would not be considered grossly disproportionate to the crime." (*Id.* at 10–11.)

Next, Judge Varholak considered the *Bajakajian* factors, which involve the analytical framework for determining whether a punitive forfeiture is constitutionally excessive. (*Id.* at 8, 11; *see United States v. Bajakajian*, 524 U.S. 321 (1998).) In considering the *Bajakajian* factors, the Court must "compare the amount of the forfeiture to the gravity of the defendant's offense[, and] [i]f the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional." (*Id.* at 11 (quoting *Bajakajian*, 524 U.S. at 336–37) (alterations in Recommendation)).) In this case, Judge Varholak found that the "sheer number of marijuana plants found at the Property is sufficient to find the extent of the crime weighs in the government's favor." (*Id.*) Other facts he considered in reaching his conclusion include the sophistication of the grow operation at the Property; Claimant Yao facilitated the operation with the intent of making money; Claimant Chen was aware that Claimant Yao was growing marijuana

---

[1] The Court believes the Recommendation contains a typographical error, whereby the number should have read "$[5],000,000."

4

at the Property; and the operation involved illegally diverting electricity. (*Id*. at 11–12.)

Judge Varholak also addressed the *Wagoner* factors, which are considered in addition to the *Bajakajian* factors and include: the general use of the forfeited property, any previously imposed federal sanctions, the benefit to the claimant, the value of seized contraband, and the property's connection with the offense. (*Id*. (citing *United States v. Wagoner Cnty. Real Est.*, 278 F.3d 1091, 1100-01 (10th Cir. 2002)).) He concluded that because the Property is Claimants' personal residence, the first factor favored them. (*Id.*) However, the next two factors weighed against Claimants because there was no evidence they had incurred any other federal penalties related to the grow operation, and Claimants derived substantial profits from the grow operation during the relevant timeframe. (*Id.*) With respect to the last factor, Judge Vaholak found that the Property was "closely connected to the offense because it was used to cultivate and store a substantial number of marijuana plants and because Claimants diverted electricity to the Property." (*Id.* at 13.) Ultimately, he found that the *Wagoner* factors weighed against Claimants. (*Id.*)

Judge Vaholak found Claimants' argument that forfeiture is grossly disproportional to the offense because marijuana is legal under State law was without merit. (*Id.*) He reasoned that in Colorado, personal use of marijuana is legally limited to possession of one ounce or less and the cultivation of no more than six marijuana plants per person. (*Id.* at 13–14 (citing Colo. Const. art. XVIII, § 16(3)(a)-(b)).) However, in this case, Claimants "obviously exceeded the legal limit, and there is no proof to suggest either Claimant has a valid license to operate a marijuana cultivation facility." (*Id.* at 14.)

Given the foregoing, Judge Varholak concluded that forfeiture of the entire house was "not grossly disproportionate under the totality of the circumstances," and that Claimants failed to meet their burden to show that the fine is excessive under the Eighth Amendment. (*Id.*) As a result, he recommended that the Court grant Plaintiff's Motions and enter judgment in its favor.

### III. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

An objection to a recommendation is properly made if it is both timely and

6

specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. (quoting *Thomas*, 474 U.S. at 47). In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## IV. ANALYSIS

### A.     Objections to Factual Conclusions

#### 1.     No Evidence Claimants Profited from the Grow

In the Objections, Claimants state that marijuana was grown at the Property from June 2018 to October 2018 and argue that it is "impossible for [them] to have made the money reported in the deposits, **$294,982.90** during this period of time from a marijuana grow that lasted four months. [ECF 373, p. 13] Therefore, Summary Judgment cannot stand." (ECF No. 381 at 2 (emphasis in original).) Claimants offer no legal or factual support for this conclusory statement.

The Court finds that Claimants' objection is undeveloped, unsupported, and without merit. Although they appear to argue—with no analysis or development of their argument whatsoever—that four months is an insufficient period of time during which they could possibly obtain almost $300,000 from a marijuana grow, they do not identify any evidence in the record to support this argument. They do not even provide an alternate period of time that could be theoretically sound in their view; to wit, the Court finds itself asking the same question the Government posits in its response: "How long must marijuana be grown in a house before one can turn a profit?" (ECF No. 382 at 10.)

Additionally, the Government points to evidence in the record demonstrating that Claimant Yao admitted he in fact started growing marijuana at the Property in June 2017, which would extend the period during which marijuana was grown from four to seventeen months. (*Id.* at 11 (citing ECF No. 357 at 2, ECF No. 358-1 at 6–7).) Further, Judge Vaholak relied on evidence in the record showing that Claimants' shared bank account showed deposits totaling $294,982.90; however, he also noted that Claimant Chen's adjusted gross income was only $11,980, and Claimant Yao could not identify where the majority of this money came from. (ECF No. 373 at 13.) Moreover, Judge Varholak reasonably concluded that the factor was "at best, neutral," given that the Government did not introduce evidence regarding the value of the contraband, but also considering the fact that a "substantial number of marijuana plants [was] found at the Property." (*Id.*)

Given Claimants' total failure to support their argument, juxtaposed with the Government and Judge Varholak's citations to evidence in the record supporting the conclusion in the Recommendation that Claimants profited from the illegal use of the Property, the Court overrules this objection.

    2.    <u>No Evidence to Show Value of the Property</u>

Claimants state that there is "no competent evidence to show what the value of the property is." (ECF No. 381 at 2.) They offer no legal support for this statement. (*Id.*) Moreover, the Government points out that Claimants have waived this objection by admitting these facts in the summary judgment motion practice. (ECF No. 382 at 3 (citing ECF No. 350 at 5 (facts 22 and 23) and ECF No. 352 at 5 (facts 29 and 30)).) In Claimants' responses to the Government's motions for summary judgment, they did not meet their burden to demonstrate an issue of material fact by citing to the record to

show that a dispute existed or by arguing that "the material cited to support . . . a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).  Having reviewed these factual admissions, the Court agrees that Claimants have admitted facts showing the value of the Property and have thus waived the factual basis for this objection.  Accordingly, this objection is overruled.

        3.      <u>No Evidence to Show Claimants Diverted Energy to the Property</u>

Claimants object that there "is not competent evidence to show that the Claimants broke the law with respect to diverting energy to the property." (ECF No. 381 at 2.)  Again, they offer no legal support for this statement.  (*Id.*)  And again, the Government points out that Claimants have waived this objection by admitting these facts in the summary judgment motion practice.  (ECF No. 382 at 3 (citing ECF No. 350 at 4 (fact 15) and ECF No. 351 at 4 (fact 15)).)  Having reviewed these factual admissions, for the same reasons as explained above with respect to Part IV.A.2, the Court agrees that Claimants have admitted facts showing that they illegally diverted energy to the Property and have thus waived the factual basis for this objection as well.  Accordingly, this objection is overruled.

**B.    Objections to Legal Conclusions**

        1.      <u>Eighth Amendment</u>

Claimants argue that the Court "cannot conclude under this record that forfeiture is proportionate under the Eighth Amendment of the United States Constitution." (ECF No. 381 at 2.)  This conclusory argument is merely a heading in the Objections, and Claimants fail to cite law, analyze the argument further, or develop it in any way.  (*Id.*)  The Court concludes that Claimants have failed to specifically object to the conclusions in the Recommendation regarding whether forfeiture is proportionate under the Eighth

Amendment.  Upon review, the Court finds no clear error in the Recommendation and overrules this objection.

2. <u>Sentencing Guidelines Calculations</u>

Claimants argue that the Recommendation "misses the point" with respect to their arguments concerning the Guidelines calculations.  (ECF No. 381 at 3.)  In their Objections, Claimants emphasize that

> U.S.S.S.G. [*sic*] § 5e1.2(c)(4) states that subsection (c)(2), limiting the maximum fine, does not apply if the defendant is **convicted** under a statute authorizing (A) a maximum fine greater than $500,000, or (B) a fine for each day of violation.  In such cases, the court may impose a fine up to the maximum authorized by the statute.
>
> There is no conviction in this case.  There is no reason to vary upward in the Guidelines and/or take away the Claimants [*sic*] home on the record presented thus far.

(*Id.* (emphasis in original).)  Claimants offer no additional factual or legal support for this argument.

Judge Varholak wrote in the Recommendation that "[t]here is a strong presumption of constitutionality where the value of a forfeiture falls within the fine range prescribed by Congress or the [Sentencing] Guideline."  (ECF No. 373 at 9 (citing *United States v. 6941 Morrison Drive, Denver, Colorado*, 6 F. Supp. 3d 1176, 1180 (D. Colo. 2013)).)  In this case, the maximum fine that the Court could impose for the crime facilitated at the Property is $5 million.  (*Id.* at 10 (citing U.S.S.G. § 5E1.2(c)(4)).)  And, as explained *supra* Part II, the Recommendation addressed Claimants' contention that "the forfeiture of the Property constitutes an "excessive fine" because the value of the Property is grossly disproportionate as compared to the fine imposed pursuant to the U.S. Sentencing Guidelines."  (ECF No. 373 at 10.)

10

The Court agrees with the conclusions in the Recommendation that forfeiture of the Property is proportionate in this case. As the Government underscores, the law is clear that real property may be forfeited under 21 U.S.C. § 881(a)(7) *even if no criminal case is brought* relating to the conduct giving rise to the forfeiture. (ECF No. 382 at 6 (emphasis added).) Claimants offer no authority to support their argument that the Court cannot grant summary judgment on this record. Here, the Guidelines range maximum is $5 million, and, as Judge Varholak explained, it is "undisputed that the monetary value of the Property is approximately $489,205.09 - $492,284.095." (ECF No. 373 at 10.) As this amount is far less than the $5 million fine that could be imposed, the Court agrees with Judge Varholak that it "is not grossly disproportionate to the crime." (*Id.* at 11.) Accordingly, the Court overrules this portion of the Objections.

3. *Bajakajian* Factors

Claimants list the *Bajakajian* factors and state in a conclusory manner that none of the factors have been established "soundly enough" to grant summary judgment. (ECF No. 381 at 3.) The Court concludes that Claimants have failed to specifically object to conclusions in the Recommendation regarding the *Bajakajian* factors (other than the objections the Court has addressed above). Accordingly, the Court sees no clear error in Judge Varholak's Recommendation with respect to his analysis of the *Bajakajian* factors, and overrules Claimants' vague objections on this issue.

**V. CONCLUSION**

For the reasons set forth above, the Court ORDERS as follows:

1. Claimants' Objections (ECF No. 381) are OVERRULED;

2. The Recommendation (ECF No. 373) is ADOPTED in its entirety;

3. Plaintiff's Motions for Summary Judgment (ECF Nos. 335, 339) are

11

       GRANTED;

4.     The Clerk is DIRECTED to enter judgment in favor of the United States as to Claimant Yao's fifty-percent interest in Defendant Real Property Located at 23965 East Wagontrail Avenue, Aurora, Colorado, pursuant to Fed. R. Civ. P. 56;

5.     The Clerk is DIRECTED to enter judgment in favor of the United States as to Claimant Chen's fifty-percent interest in Defendant Real Property Located at 23965 East Wagontrail Avenue, Aurora, Colorado, pursuant to Fed. R. Civ. P. 56; and

6.     The parties shall bear their own court costs.

Dated this 21st day of December, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge